OPINION
{¶ 1} Defendant-appellant Craig A. Portman appeals from an order denying his motion to correct his sentence for Voluntary Manslaughter to a term of ten years' imprisonment, imposed in 2001, and affirmed in 2002 by this court. Portman contends that his sentence is void underApprendi v. New Jersey (2000), 530 U.S. 466, *Page 2 147 L.Ed.2d 435, 120 S.Ct. 2348; Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403; and United States v. Booker
(2005), 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, and that under those cases, he may only be sentenced to the minimum term for Voluntary Manslaughter, three years.
 {¶ 2} We agree with the State that Portman's sentence was, at most, voidable, not void. Accordingly, the order of the trial court from which this appeal is taken is Affirmed.
 I {¶ 3} In 2001, Portman was charged by indictment with one count of Murder and one count of Voluntary Manslaughter. Portman pled guilty to the count of Voluntary Manslaughter, and the count of Murder was dismissed. Later in 2001, Portman was sentenced to ten years imprisonment for Voluntary Manslaughter, the maximum possible sentence. The minimum possible sentence of imprisonment was three years.
 {¶ 4} Portman appealed from his conviction and sentence. We affirmed his conviction and sentence in 2002.
 {¶ 5} In 2005, Portman filed a Motion to Correct a Void Sentencing Order, contending that his sentence was void, under Apprendi v. NewJersey, supra, Blakely v. Washington, supra, and United States v.Booker, supra, because a more-than-minimum sentence was imposed without a jury having made the findings of fact required by Ohio statute for a more-than-minimum sentence. The trial court denied Portman's motion, and he appeals.
 II *Page 3 {¶ 6} Portman's sole assignment of error is as follows:
 {¶ 7} "THE TRIAL COURT'S IMPOSITION OF NON-MINIMUM SENTENCE'S [sic] ON A FIRST TIME OFFENDER, VIOLATES APPELLANT'S SIXTH AMENDMENT RIGHT TO A JURY TRIAL, TO HAVE ALL ESSENTIAL FACTS RELEVANT TO PUNISHMENT PROVEN BEYOND A REASONABLE DOUBT TO A JURY, UNLESS ADMITTED TO BY APPELLANT."
 {¶ 8} Because Portman seeks to modify a judgment that became final in 2002, his analysis depends crucially upon his argument that his sentence is void under the Apprendi, Blakely, and Booker trilogy of cases.
 {¶ 9} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court recognized that the Ohio statutory felony sentencing scheme could not be reconciled with the Apprendi, Blakely, andBooker cases, because the felony sentencing statute required findings of fact by the trial judge, not by a jury, for the imposition of a more-than-minimum sentence, among other things. The Ohio Supreme Court severed the offending portions of the felony sentencing statute, leaving the trial court's choice of an appropriate felony sentence to its sound discretion.
 {¶ 10} In State v. Payne, 114 Ohio St. 502, 873 N.E.2d 306,2007-Ohio-4642, the Ohio Supreme Court has resolved any lingering doubts about whether a pre-Foster sentence in violation of the Apprendi,Blakely, and Booker cases is void, rather than voidable. At fflj28-30, the Ohio Supreme Court has clearly held that such a sentence is voidable, not void, so that a defendant forfeits any claim under theApprendi, Blakely, and Booker line of cases if he does not assert it in the trial court before final judgment is rendered. Accordingly, Portman may not now raise the issue he seeks to raise, long *Page 4 
after his conviction and sentence became final, in 2002.
 {¶ 11} Portman's sole assignment of error is overruled.
 III {¶ 12} Portman's sole assignment of error having been overruled, the order of the trial court denying his Motion to Correct a Void Sentencing Order, from which this appeal is taken, is Affirmed.
 WOLFF, P.J., and DONOVAN, J., concur. *Page 1