OPINION
{¶ 1} Defendant-appellant Roscoe Ennis appeals from an order denying his motion for the appointment of counsel for re-sentencing pursuant toState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. Ennis contends that he is entitled to be re-sentenced because his original sentence is void, not merely voidable, and because the severance *Page 2 
remedy provided for in State v. Foster, supra, violates the ex post facto clause at Article I, Section 10, of the United States Constitution. We conclude that Ennis's original sentence is at most voidable, not void; that we have no authority to declare a holding of the Ohio Supreme Court to violate the United States Constitution; and that the holding in State v. Foster, supra, does not, in any event, violate the ex post facto clause. Accordingly, the order from which this appeal is taken is Affirmed.
 I {¶ 2} In September, 2005, Ennis pled no contest to one count of Possession of Chemicals for the Manufacture of Drugs, in violation of R.C. 2925.041(A), a felony of the third degree, and to one count of Escape, in violation of R.C. 2921.34(A), a felony of the third degree. In October, 2005, Ennis was sentenced to four years on each count, to be served consecutively, for an aggregate sentence of eight years.
 {¶ 3} In 2006, State v. Foster, supra, was decided. On July 24, 2006, Ennis filed a Motion for Appointment of Counsel for Re-Sentencing Pursuant to State v. Foster. The trial court overruled this motion. From the order overruling his motion, Ennis appeals.
 II {¶ 4} Ennis's sole assignment of error is as follows:
 {¶ 5} "THE SENTENCE THAT THE TRIAL COURT IMPOSED BASED ON FINDINGS MADE PURSUANT TO AN UNCONSTITUTIONAL SENTENCING SCHEME WAS ERRONEOUS AND MUST BE VACATED." *Page 3 
 {¶ 6} The first premise upon which Ennis proceeds is that his sentence, having been imposed pursuant to a sentencing scheme that involves required factual findings by the trial judge, is in violation of the holding in Blakely v. Washington (2004), 542 U.S. 296,124 S.Ct. 2531, 159 L.Ed.2d 403, and is therefore not merely voidable, but void.
 {¶ 7} This premise has been repudiated in State v. Payne,114 Ohio St.3d 502, 2007-Ohio-4642. In that case, the Ohio Supreme Court has held that sentences imposed in violation of Blakely v. Washington, supra, are voidable, not void, and that claims arising under Blakely are forfeited if they are not raised in the trial court at the time of sentencing.
 {¶ 8} Ennis does not claim that he raised any issue arising underBlakely v. Washington, supra, when he was sentenced in 2006, afterBlakely was decided. We have not been provided with a transcript of Ennis's sentencing hearing.
 {¶ 9} We conclude that Ennis forfeited the issue he seeks to raise under Blakely v. Washington, supra, when he did not raise that issue in the trial court.
 {¶ 10} The second premise upon which Ennis relies is that the remedy provided in State v. Foster, supra — that the statutory requirements of factual findings for certain sentences, found to violate Blakely v.Washington, supra, shall be severed from the sentencing statute — may not be applied retroactively to cases in which a sentence was imposed before Foster was decided, because to do so would violate the ex post facto clause of Article I, Section 10, of the United States Constitution. We rejected that argument in State v. Smith,2006-Ohio-4405, Montgomery App. No. 21004, which we approve and follow.
 {¶ 11} Ennis's sole assignment of error is overruled.
 III *Page 4 {¶ 12} Ennis's sole assignment of error having been overruled, the order of the trial court from which this appeal is taken is Affirmed.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)
 DONOVAN and WALTERS, JJ., concur. *Page 1