OPINION
{¶ 1} Defendant-appellant William D. Camp appeals his sentence entered by the Delaware County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On July 12, 2005, appellant entered a plea of guilty to one count of corrupting a minor with drugs and three counts of unlawful sexual conduct with a minor. On November 9, 2005, the trial court sentenced Appellant to sixteen months in prison for corruption of a minor with drugs, and four years, three years, and four years respectively on each of the unlawful sexual conduct with a minor counts. The trial court ordered the sentences be served consecutively for a total prison sentence of twelve years and four months. The trial court further found Appellant to be a sexual predator.
 {¶ 3} Appellant filed an appeal of the sentence on December 15, 2005. This Court affirmed the trial court's sentence via Judgment Entry of September 22, 2006.
 {¶ 4} On January 31, 2007, this Court granted Appellant's motion to reopen his appeal to raise arguments not addressed in his initial appeal.
 {¶ 5} Appellant now assigns as error:
 {¶ 6} "I. THE TRIAL COURT'S IMPOSITION OF CONSECUTIVE SENTENCES IS UNCONSTITUTIONAL PURSUANT TO STATE V. FOSTER (2006), 109 OHIO ST.3D 1."
 {¶ 7} Appellant cites the February 27, 2006 Ohio Supreme Court holding in State v. Foster (2006), 109 Ohio St.3d 1, 2006-Ohio-856, finding certain portions of Ohio's felony sentencing laws, R.C. 2929.14(B),2929.14(E)(4) and 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violate the Sixth Amendment to the *Page 3 
United States Constitution. Foster followed Blakely v. Washington
(2004), 542 U.S. 296 and Apprendi v. New Jersey (2000), 530 U.S. 466, holding the statutes requiring "judicial fact-finding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant" violated a defendant's right to a jury trial under the Sixth Amendment to the United States Constitution. The Court in Foster determined severance of the offending portions of the sentencing statute was the proper remedy, and that the cases before the court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with the court's opinion". Id.
 {¶ 8} Initially, we note, Appellant's direct appeal of his sentence was pending with this Court at the time the Ohio Supreme Court announced its decision in Foster, supra. However, Appellant filed his direct appeal well after the United States Supreme Court decision inBlakely v. Washington (2004), 542 U.S. 296.
 {¶ 9} Recently, in State v. Payne (2007), 114 Ohio St.3d 502,2007-Ohio-4642, the Ohio Supreme Court addressed the issue of whether, when sentencing occurred after the United States Supreme Court's announcement of its decision in Blakely, supra, a defendant's failure to object at trial to a sentence that violates Blakely forfeits the issue on appeal. In Payne, the Court held:
 {¶ 10} "For the foregoing reasons, we hold that a lack of an objection in the trial court forfeits the Blakely issue for purposes of appeal when the sentencing occurred after the announcement ofBlakely." *Page 4 
 {¶ 11} Upon review of the record, Appellant did not raise aBlakely objection at sentencing; therefore, he forfeited the issue for appellate purposes pursuant to Payne, supra.
 {¶ 12} Appellant's assignment of error is overruled.
 {¶ 13} Appellant's sentence in the Delaware County Court of Common Pleas is affirmed.
 By: Hoffman, P.J. Wise, J. and Delaney, J. concur *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, Appellant's sentence in the Delaware County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1