DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Maximino Macias, Jr., appeals the October 4, 2005 judgment of the Lucas County Court of Common Pleas which, following a guilty plea, sentenced appellant to seven months of imprisonment for a violation of R.C. 2925.11(A), (C)(6)(a), possession of heroin, a fifth degree felony. Appellant's sentence was ordered to be served consecutively to his sentence for a post-release control violation. For the reasons that follow, we affirm the trial court's decision. *Page 2 
 {¶ 2} Appellant raises the following assignment of error for our consideration:
 {¶ 3} "The trial court's sentence must be remanded to the trial court for resentencing in light of State v. Foster."
 {¶ 4} In his sole assignment of error, appellant contends that the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d, 2006-Ohio-856, mandates that appellant be resentenced due to the trial court's reliance on unconstitutional felony sentencing provisions. The state concedes appellant's argument.
 {¶ 5} In Foster, applying the United States Supreme Court's decisions in Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403 and Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, 147 L.Ed.2d 435, the Supreme Court of Ohio found that various provisions of the Ohio sentencing statutes were unconstitutional because they required judicial factfinding in violation of a defendant's Sixth Amendment rights. The court severed those provisions including R.C.2929.14(B) and (E)(4), which addressed non-minimum and consecutive sentences, and R.C. 2929.19(B)(2), which required certain findings by the trial court at the sentencing hearing.
 {¶ 6} Subsequently, clarifying Foster, the Supreme Court of Ohio addressed the issue of whether, where a defendant is sentenced after the date of the decision in Blakely v. Washington, supra, a defendant forfeits the Blakely argument by failing to object at sentencing.State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642. The court determined that such argument is forfeited and that the claim could only be addressed under the "plain error" standard. Id., ¶ 13. *Page 3 
 {¶ 7} In the present case, appellant was sentenced in October 2005, after Blakely was decided. Since appellant did not object at the time of sentencing, we must review appellant's assignment of error under the "plain error" standard.
 {¶ 8} To prevail on a claim governed by the plain error standard, appellant must demonstrate that the trial outcome would have been clearly different but for the alleged errors. State v. Waddell,75 Ohio St.3d 163, 166, 1996-Ohio-100. Regarding Blakely claims, unless a defendant shows that the court would have imposed a different or more lenient sentence absent the Blakely error, no plain error occurred.Payne, supra, ¶ 25.
 {¶ 9} In this case, appellant was sentenced within the statutory limits. Furthermore, even presuming a Blakely error existed, after review of the sentencing hearing we cannot say that the trial court would have imposed a more lenient sentence. Therefore, we find that no plain error occurred and appellant's Foster/Blakely claim must fail. Appellant's sole assignment of error is found not well-taken.
 {¶ 10} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J. CONCUR. *Page 1