DECISION AND JUDGMENT ENTRY
{¶ 1} This consolidated appeal of two criminal cases comes to us from the Lucas County Court of Common Pleas. In the first case, appellant, Keith O. Jones, entered a plea of guilty to carrying a concealed weapon, a violation of R.C. 2923.12(A)(2), (G), and a felony of the fourth degree. In the second case, appellant entered a plea of guilty to *Page 2 
involuntary manslaughter with a gun specification and a criminal gang specification, a violation of R.C. 2903.04(A), (C), 2941.145, 2941.142, and a felony of the first degree. Pursuant to a negotiated plea agreement in the second case, the state dismissed one count of murder with a gun specification and a criminal gang specification. The trial court sentenced appellant to 12 months incarceration for carrying a concealed weapon and ten years incarceration for involuntary manslaughter. For the firearm specification, the court imposed an additional mandatory term of three years incarceration; for the gang specification, an additional mandatory term of one year incarceration. All terms were ordered to run consecutively for a total term of 15 years incarceration.
 {¶ 2} Appellant raises one assignment of error for review:
 {¶ 3} "The trial court errered [sic] when it made findings pursuant to R.C. 2929.14(C) as to why it was sentencing Mr. Jones to the maximum sentence for the offense of involuntary manslaughter in violation ofState v. Foster (2006), 109 Ohio St.3d 1."
 {¶ 4} This case is controlled by State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, and State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642. "In Foster, the court held that R.C. 2929.14(B) and 2929.19(B)(2) violate the Sixth Amendment to the United States Constitution, pursuant to Blakely v. Washington (2004), 542 U.S. 296, and Apprendi v. NewJersey (2000), 530 U.S. 466. Foster, supra, at paragraph one of the syllabus. Under Foster, cases were remanded for resentencing where the defendant had been sentenced under the unconstitutional statutory sections. Foster, supra, at ¶ 105. *Page 3 
 {¶ 5} "Recently, however, the Supreme Court of Ohio revisited the issue of remand, clarifying its Foster decision. See State v.Payne, 114 Ohio St.3d 502, 2007-Ohio-4642. In Payne, although the defendant did not object to his post-Blakely sentence in the trial court, he appealed his sentence claiming a Sixth Amendment and aBlakely error. Payne, supra, at ¶ 5. Affirming the Tenth District Court of Appeal's decision that Payne had waived his right to appeal underBlakely, the Supreme Court of Ohio concluded that any defendant who fails to raise an objection in the trial court after sentencing which occurs post-Blakely, `forfeits' a claim on appeal for a Blakely error."State v. Nickelson, 6th Dist. No. WD-06-023, 2007-Ohio-6367, ¶ 72-73. See, also, State v. Davis, 116 Ohio St.3d 404, 2008-Ohio-2, ¶ 376-377.
 {¶ 6} Appellant's sentencing hearing for both cases was held January 12, 2007-well after the Blakely and Foster decisions. Appellant did not raise any Blakely objections at the time of his sentencing, and has therefore waived Foster review of his maximum sentence and the consecutive sentences. State v. Davis, supra. His assignment of error is therefore subject to "plain error" review. Payne, supra, at ¶ 24.
 {¶ 7} To prevail on a "plain error" challenge, appellant must show that "(1) an error occurred, (2) the error was obvious, and (3) the error affected the outcome of the trial. See State v. Barnes (2000),94 Ohio St.3d 21; Crim.R. 52(B)." State v. Davis, supra, at ¶ 378.
 {¶ 8} Here, the sentences imposed were all within the statutory ranges for each offense. Reviewing the sentencing hearing, we find the trial court properly considered *Page 4 
the principles and purposes of sentencing and the seriousness and recidivism factors. R.C. 2929.11, 2929.12. Appellant takes issue with the trial court's statements regarding the deterrent effect which a longer sentence would have on similarly situated offenders. This, however, is a proper consideration pursuant to R.C. 2929.11(A). No plain error occurred. Accordingly, appellant's assigned error is not well-taken.
 {¶ 9} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense in preparation of the record, fees allowed by law and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J. CONCUR. *Page 1