*March 15, 2017*

2017-Ohio-906.]

**1989–0846. State v. Lott.**
Cuyahoga App. No. 54537. On motion for order or relief pursuant to S.Ct.Prac.R. 4.01. Motion denied.

**O'NEILL, J., concurring.**

{¶ 1} I concur in the court's decision to deny the motion of appellant, Gregory Lott, to vacate his death sentence and remand the matter to the trial court for a new sentencing hearing on the authority of *Hurst v. Florida,* __ U.S. __, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016). I write separately to explain my vote and to reconcile it with my position that the death penalty is a cruel and unusual penalty and thus unconstitutional under the Eighth Amendment to the United States Constitution, *State v. Wogenstahl,* 134 Ohio St.3d 1437, 2013-Ohio-164, 981 N.E.2d 900 (O'Neill, J., dissenting).

{¶ 2} Nearly 30 years ago, Lott waived his right to a jury trial both in writing and by verbal agreement before the trial court. *Lott v. Bagley,* N.D.Ohio No. 1:04 CV 822, 2007 WL 2891272, *1 (Sept. 28, 2007). He was represented by counsel at the time and he did not challenge the validity of his waiver on appeal. *State v. Lott,* 51 Ohio St.3d 160, 162, 555 N.E.2d 293 (1990). In a petition for postconviction relief, Lott claimed that he was improperly induced to waive his right to a jury trial, but that issue was rejected because it was or could have been raised on direct appeal and thus was barred by res judicata. *State v. Lott,* 8th Dist. Cuyahoga Nos. 66388, 66389, and 66390, 1994 WL 615012, *8 (Nov. 3, 1994). Lott was represented at trial, on direct appeal, and during post conviction proceedings by different attorneys. *Lott v. Bagley* at *2, fn. 2 and 3; *see generally State v. Cole,* 2 Ohio St.3d 112, 443 N.E.2d 169 (1982), syllabus (when a defendant represented by new counsel on appeal fails to raise a claim that trial counsel was incompetent, the issue is properly dismissed based on res

judicata on a motion for postconviction relief). Any question regarding the validity of Lott's jury waiver has been conclusively settled for decades.

{¶ 3} "Waiver is the intentional relinquishment or abandonment of a right * * *." *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 23. Lott consciously chose to be tried by a three-judge panel. Electing to be tried before such a panel is widely regarded as a reasonable trial strategy, particularly when the case is complex. *E.g., State v. Young,* 4th Dist. Scioto No. 07CA3195, 2008-Ohio-4752, ¶ 50–51.

{¶ 4} The ruling in *Hurst* invalidated Florida's capital-sentencing scheme based on the right to a jury trial under the Sixth Amendment to the United States Constitution. *Hurst,* —— U.S. —— , 136 S.Ct. at 621–622, 193 L.Ed.2d 504. In the future, this court may have to consider whether Ohio's capital-sentencing scheme is constitutional after *Hurst.* However, it is unlikely that Lott's case will provide the fact pattern that will clarify that issue. Simply stated, Lott waived the right upon which *Hurst* is based. Lott placed his future in the hands of a three-judge panel decades ago, and his motion relying upon *Hurst* presents inadequate grounds to support ordering a new capital-sentencing hearing before a jury.

{¶ 5} Based upon recent cases that have come before this court and before federal courts, I remain convinced that capital punishment is inherently cruel and unusual and is barbaric in the way that it has been carried out. *Wogenstahl,* 134 Ohio St.3d 1437, 2013-Ohio-164, 981 N.E.2d 900 (O'Neill, J. dissenting); *State v. Broom,* 146 Ohio St.3d 60, 2016-Ohio-1028, 51 N.E.3d 620, ¶ 92 (O'Neill, J. dissenting); *see also In re Ohio Execution Protocol Litigation,* S.D.Ohio No. 2:11–cv–1016, 2017 WL 378690 (Jan. 26, 2017). But because Lott has not asked for relief under the Eighth Amendment to the United States Constitution, and because the ruling today does not advance the date of Lott's execution or affirm the validity of his death sentence, I respectfully join the court's decision.

{¶ 6} For the foregoing reasons, I concur.