[Cite as *State v. Searles*, 2020-Ohio-5608.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-190389 |
| | | C-190395 |
| Plaintiff-Appellee, | : | C-190414 |
| | | C-190415 |
| vs. | : | TRIAL NOS. C-19CRB-2854 |
| | | C-19CRB-2898 |
| MICHAEL SEARLES, | : | 19CRB-3995A |
| | | 19CRB-3995B |
| Defendant-Appellant. | : | |

*O P I N I O N.*

Criminal Appeals From:  Hamilton County Municipal Court

Judgments Appealed From Are:  Affirmed in Part and Affirmed in Part as Modified

Date of Judgment Entry on Appeal:  December 9, 2020

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Adam Tieger*, Assistant Prosecuting Attorney, for Plaintiff-Appellee State of Ohio, Hamilton County,

*Paula Boggs Muething*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Megan D. Woodall*, Assistant Prosecuting Attorney, for Plaintiff-Appellee State of Ohio, City of Cincinnati,

*Jon R. Sinclair*, for Defendant-Appellant.

**MOCK, Presiding Judge.**

{¶1} On February 5, 2019, defendant-appellant Michael Searles was charged with public indecency in the case numbered C-19CRB-2854, and voyeurism in the case numbered C-19CRB-2898. The victim in those cases woke up to find Searles masturbating on her patio outside her sliding glass door. The Hamilton County Prosecuting Attorney's Office prosecuted Searles on those charges, and he was represented by attorney James Kenney in those cases.

{¶2} On February 17, 2019, Searles was charged with public indecency and voyeurism in the cases numbered 19CRB-3995A and 19CRB-3995B. The victim in those cases was in the bedroom of her basement apartment when she heard a knock on her window. She saw Searles outside her window exposing his penis. The city of Cincinnati prosecuted Searles on those charges, and he was represented by attorney Ronna Lucas in those cases.

{¶3} The cases were tried together. While Kenney handled the voir dire for all cases, the city and county cases were treated separately for trial; and the trial court told defense counsel that they could object only in their respective cases and not in the other cases.

{¶4} After the jury instructions were read, the trial court excused the alternate juror. The court told the alternate juror that she could stay until a verdict was reached or she could leave. The court instructed the alternate juror not to talk about what her verdict would have been until after the verdict had been announced. The alternate juror chose to stay in the courthouse hallway reading a book.

{¶5} About two hours after the jury began deliberations, the trial court brought the jury back into the courtroom. Attorney Kenney was present but attorney Lucas was not. The trial court informed counsel that there was an issue with Juror 7.

The court asked if there was any objection to replacing Juror 7 with the alternate juror. There were no objections. The court questioned the alternate juror about whether she could be fair and impartial, and she said that she could. The court replaced Juror 7 with the alternate juror and then instructed the jury that it must begin its deliberations anew. The jury ultimately found Searles guilty of all charges.

{¶6}   Prior to sentencing, attorney Lucas asked the court to declare a mistrial because she had not been present when Juror 7 had been replaced with the alternate juror. The court denied the motion for a mistrial, stating that even if Lucas had been present and objected, the court would still have made the decision to replace Juror 7 with the alternate. The court then sentenced Searles and classified him as a Tier I sex offender under Ohio's version of the Adam Walsh Act. Searles has appealed.

{¶7}   Searles's first assignment of error states, "The trial court erred to the prejudice of appellant by placing the alternate juror on the jury without notice to defense counsel, and when the alternate juror had been previously discharged by the court and then conversed with three of the trial attorneys."

{¶8}   After the jury had been deliberating about two hours, the trial court was made aware of a potential problem with Juror 7. The prosecutors and attorney Kenney were present. Attorney Lucas was not present, but the record shows that Kenney had indicated to the court's bailiff, and the bailiff informed the trial court, that Kenney was comfortable with "covering." Kenney did not state this on the record, but he did not object to Lucas's absence. Pursuant to questioning by the court, Juror 7 stated that she had to attend an out-of-town funeral the next day and would be unable to deliberate. The court questioned Juror 7 about how long she would be gone, but she was unsure. The court was concerned about extending the deliberations indefinitely because of the potential of "losing more jurors." The court

3

asked if there were any objections to replacing Juror 7 with the alternate juror, who had been sitting in the courthouse hallway reading a book. There were no objections from the prosecution. Kenney specifically stated that there were no objections. The court was then made aware of conversations the alternate juror had with defense counsel, which consisted of the exchange of pleasantries and the questioning of Kenney about his leg. There was no discussion about anything relating to the substance of the cases. The court questioned the alternate juror about whether she could be fair and impartial, and she said that she could. The court replaced Juror 7 with the alternate juror and then instructed the jury that it must begin its deliberations anew. The court then again asked if there were any objections to the substitution, and Kenney again stated that he had no objections.

{¶9} Prior to sentencing, attorney Lucas requested that the court declare a mistrial because she had not been present when Juror 7 was replaced with the alternate juror. Lucas stated that she had been unaware of the substitution until after the verdicts had been returned. In making her request for a mistrial, Lucas said, "I honestly I don't know what I would have done in the – given the situation and asked." She also informed the court that she had had a conversation with the alternate juror, but it was nothing of substance relating to the cases. Lucas argued that she and Kenney were not cocounsel and that they were representing Searles on different cases. She also stated that she was not aware of any conversations the alternate juror may have had with anyone so her "comfort level is not very high." She did not argue that Searles suffered any actual prejudice from the substitution.

{¶10} The trial court overruled the motion for a mistrial. The court stated on the record that Kenney had "indicated that he was willing to stand in." The court also stated that efforts had been made to contact Lucas, but they had been unsuccessful. The court said that the alternate juror had indicated that she had not

4

had any substantive conversations with anyone and that it was clear that the alternate juror had not begun "to form or express an opinion." The court indicated that it had been concerned about prolonging the deliberations with the potential of "losing more jurors if we took additional time."

{¶11} Both the city and the county argue that Searles waived this issue for appeal. "Waiver is the intentional relinquishment or abandonment of a known right, and waiver of a right 'cannot form the basis of any claimed error under Crim.R. 52(B).' " *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, quoting *State v. McKee*, 91 Ohio St.3d 292, 299, 744 N.E.2d 737 (2001), fn.3 (Cook, J., dissenting); *see United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (waiver is the "intentional relinquishment or abandonment of a known right").

{¶12} There is no question that Searles waived this issue as it pertains to the county cases. Kenney, his counsel on those cases, specifically waived it by stating that there was no objection to the substitution of the alternate juror for Juror 7. We hold, based on the unique circumstances of this case, that Kenney's statement that defendant had no objections to the substitution constituted a waiver of the issue as to the city cases. Kenney, who had represented Searles throughout the trial, indicated to the trial court that he was "willing to stand in" for Lucas, who could not be located. Searles was represented by competent counsel who was acting in his best interest. Kenney raised no objection to the substitution of Juror 7 outside of Lucas's presence, and specifically stated that Searles had no objection to the substitution. Under these circumstances, we hold that Searles waived the issue for appellate review.

{¶13} Even if we had not held that Searles waived the issue as to the city cases, we would not find prejudicial error in the substitution of the alternate juror for Juror 7. Crim.R. 24(G)(1) allows the substitution of an alternate juror for a juror if

the juror is "unable" to perform his or her duties. In this case, the alternate juror had remained in the courthouse hallway reading a book. Lucas did not argue that Searles actually suffered any prejudice from the substitution. In fact, she stated to the trial court that she was "honestly" not sure what she would have done, i.e., whether she would have objected, had she been there when the substitution had occurred.

{¶14} The trial court made a complete record in this case. The court questioned Juror 7 and determined that she would be unable to continue deliberating for an unknown period of time. The substitution was made to ensure that there would not be a substantial delay in the proceedings. The court questioned the alternate and ensured that she had had no substantive conversations about the cases and that she could be fair and impartial. The court also correctly instructed the jury, pursuant to Crim.R. 24(G)(1), that it was required to begin its deliberations anew after the alternate had been seated.

{¶15} We hold that the trial court did not err in substituting the alternate juror for Juror 7. *See State v. Felder*, 8th Dist. Cuyahoga No. 87453, 2006-Ohio-5332 (no error in, over defendant's objection, discharging juror and replacing her with an alternate juror after deliberations had begun where the juror said she could not be fair, the jury had not been deliberating long, the alternate juror said she could be fair and that she had not discussed the case with anyone, and the court instructed the jury to begin its deliberations anew); *compare State v. Bowling*, 10th Dist. Franklin No. 95APA05-599, 1996 WL 52892 (Feb. 8, 1996) (error to replace juror with alternate after deliberations had begun where there was no notice to counsel, the court failed to ask whether the alternate could be fair, and the court failed to instruct the jury that it must begin its deliberations anew); *State v. Miley*, 77 Ohio App.3d 786, 603 N.E.2d 1070 (12th Dist.1991) (error to replace juror with alternate where partial verdict had been returned and the alternate was seated for the purpose

of continuing deliberations in order to reach a final verdict, the court did not ascertain whether the alternate could be fair, and the court did not instruct the jury to begin its deliberations anew). The first assignment of error is overruled.

{¶16} Searles's second assignment of error states, "The court erred as a matter of law by designating appellant a sex offender as part of his conviction for public indecency." Both sentences for public indecency contain Tier I sex offender classifications. Searles argues that he should not have been classified as a Tier I sex offender for either of his public indecency convictions because they did not involve minor victims. The court noted that Searles did not qualify as a Tier I sex offender for his public indecency convictions, but that he was a Tier I offender due to his convictions for voyeurism. Therefore, the Tier I sex offender classifications imposed as part of Searles's sentences for public indecency in the cases numbered 19CRB-3995B and C-19CRB-2854 must be vacated. The second assignment of error is sustained. We point out that Searles is correctly classified as a Tier I sex offender due to his convictions for voyeurism.

{¶17} The Tier I sex offender classifications imposed as part of the sentences for public indecency in the cases numbered 19CRB-3995B and C-19CRB-2854 are hereby vacated. The trial court's judgments are modified to reflect the vacation of the Tier I classifications from the sentences for public indecency in the cases numbered 19CRB-3995B and C-19CRB-2854, and those judgments are affirmed as modified. The judgments of the trial court are affirmed in all other respects. Searles is required to register as a Tier I sex offender due to his convictions for voyeurism.

Judgment accordingly.

**ZAYAS** and **BERGERON, JJ.,** concur.

Please note:

The court has recorded its own entry this date.

7