[Cite as *State v. Lockhart*, 2023-Ohio-4069.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff- Appellee, | : | |
| | | No. 112436 |
| v. | : | |
| JERRY LOCKHART, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED**: November 9, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-660881-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jonathan Block, Assistant Prosecuting Attorney, *for appellee.*

Mary Elaine Hall, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Jerry Lockhart appeals the indefinite sentence of 14 to 18 years' imprisonment imposed by the trial court upon his convictions for five counts of attempted aggravated arson. Because the indefinite sentencing scheme

pursuant to the Reagan Tokes Law is constitutional and the trial court properly imposed an indefinite sentence, we affirm Lockhart's sentence.

## I. Statement of the Case and Relevant Facts

{¶ 2} In this appeal, Lockhart alleges error in the sentence imposed by the trial court. Lockhart was charged in a 21-count indictment that included eight counts of attempted murder, 12 counts of aggravated arson, and one count of arson. The charges resulted from his actions in setting fire to his house when multiple people were present causing injury to several people and damaging the house and an automobile.

{¶ 3} Lockhart entered into a plea agreement with the state of Ohio. He pleaded guilty to amended Counts 9, 10, 11, and 12 of the indictment, each count being a charge of attempted aggravated arson in violation of R.C. 2923.02 and 2909.02(A)(1), felonies of the second degree. He further pleaded guilty to an amended Count 21, attempted aggravated arson in violation of R.C. 2923.02 and 2929.02(A)(2), also a felony of the second degree. The remaining counts of the indictment were dismissed.

{¶ 4} The trial court imposed a prison sentence of 8 to 12 years on Count 9 and sentences of 2 years on Counts 10, 11, and 12. It further ordered that these sentences were to be served consecutively. The trial court imposed a sentence of 4 years on Count 21, stating at the hearing that this sentence was to be served concurrently to the other sentences. In the aggregate, the trial court imposed an indefinite sentence of 14 to 18 years in prison.

## II. Law and Argument

{¶ 5} Lockhart raises four assignments of error.[1] Lockhart argues within his first three assignments of error that the Reagan Tokes Law that required the trial court to impose an indefinite sentence infringes his right to trial, his right to due process, and violates the separation-of-powers doctrine. In *State v. Hacker*, the Ohio Supreme Court upheld the constitutionality of the Reagan Tokes Law as to these arguments. *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535, ¶ 25, 28, 40. Accordingly, the first, second, and third assignments of error are overruled.

{¶ 6} Within his fourth assignment of error, Lockhart argues that the trial court committed plain error because he did not receive notice of the sentences imposed because the "sentences recorded in the trial transcripts do not match the sentences in the Journal Entry." Specifically, Lockhart makes two arguments. First, he argues that the trial court did not specifically state within its journal entry that the four-year sentence imposed for the violation of R.C. 2923.02 and 2909.02(A)(2) was to be served concurrently to the other sentences imposed. Second, he argues the trial court did not separately designate within the journal entry the specific count that was the qualifying offense for the purpose of the Reagan Tokes Law.

{¶ 7} There was no objection to the sentences imposed. Where a defendant fails to object to a matter below, the defendant is generally deemed to have forfeited all but plain error. To find plain error, the defect in the trial court proceedings must

---

[1] The text of the assignments of error are included within the appendix.

be obvious and have affected the outcome of the trial. *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 16; Crim.R. 52(B). In this case, we find no error in the sentence, plain or otherwise.

{¶ 8} Lockhart argues that the trial court was required to note within its journal entry that the sentence imposed for Count 21 was to be served concurrently. Under Ohio law, "a defendant's sentences are presumed to run concurrently as a matter of law if the trial court's sentencing entry is silent as to whether the sentences are to be served consecutively or concurrently." (Citations omitted.) *State v. Wright*, 8th Dist. Cuyahoga No. 107213, 2019-Ohio-1361, ¶ 13. Because of the presumption of concurrent sentences, the trial court was not required to state that the sentence imposed on Count 21 was to be served concurrently.

{¶ 9} As to the argument that the trial court was required to specify which count was the qualifying offense for the purpose of the Reagan Tokes Law, it did do so. Lockhart was convicted of five felony offenses that occurred after the effective date of the Reagan Tokes Law and each was a qualifying offense. R.C. 2929.144(A), 2929.14(A)(2)(a). The trial court imposed an eight-year sentence on Count 9. Because it was the longest sentence imposed on the qualifying offenses, it became the qualifying offense from which the trial court was to calculate the indefinite portion of the sentence. R.C. 2929.144(B)(2). Accordingly, by stating the sentence for Count 9 as being 8 to 12 years at both the sentencing hearing and its journal entry, the trial court properly designated Count 9 as the qualifying offense.

{¶ 10} The fourth assignment of error is overruled.

## III. Conclusion

{¶ 11} Lockhart was sentenced for five felonies of the second degree, all qualifying offenses that subjected him to an indefinite prison sentence under the Reagan Tokes Law. The trial court properly imposed an aggregate indefinite sentence of 14 to 18 years' imprisonment. The indefinite sentence did not infringe Lockhart's right to trial, right to due process, and did not violate the separation-of-powers doctrine. *Hacker*, Slip Opinion No. 2023-Ohio-2535. The trial court did not commit plain error in the journal entry by not stating one of the sentences imposed was to be served concurrently because the law presumes the sentence to be served concurrently. Finally, the trial court properly determined which sentence served as the qualifying offense to calculate the indefinite portion of the sentence both at the sentencing hearing and in the journal entry.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, A.J., and
LISA B. FORBES, J., CONCUR

# APPENDIX

The assignments of error read:

1. The trial court's 14 year minimum/18 year maximum consecutive sentence to counts 9, 10, 11, 12 concurrent with Count 21, imposed upon the defendant-appellant, Jerry Lockhart pursuant to the Reagan-Tokes Law [R.C.2967.271 and29291.144(B)] and *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, violated his right to trial.

2. The trial court's 14 year minimum/18 year consecutive prison sentence on counts 9, 10, 11, 12 concurrent with count 21, imposed upon the defendant-appellant, Jerry Lockhart, pursuant to the Reagan-Tokes Law [R.C. 2967.271], violated the Separation of Powers Doctrine.

3. The trial court's 14 year minimum/18 year maximum consecutive sentence to counts 9, 10, 11, 12 concurrent with Count 21, imposed upon the defendant-appellant, Jerry Lockhart pursuant to the Reagan-Tokes Law [R.C.2967.271 and29291.144(B)], was unconstitutional because it took away his right to notice of a hearing after his incarcerations pursuant to R.C. 2967.271(C) & (E).

4. The trial court committed plain error, in violation of R.C. 2929.144, when she did not specify "which count" was the qualifying felony of the second degree" upon which she based the consecutive sentences, imposed upon the defendant-appellant, Jerry Lockhart [in 02/06/2023 Transcript page 10/lines 8-25; page 11/lines 1-4] though not contained in the Journal Entry dated 02/22/2023/Appendix I] and she committed plain error when she did not specify that Count 21/Attempted Aggravated Arson at 2323 East 85th Street — ran concurrently to Counts 9, 10, 11, 12 [in 02/21/2023 Transcript page 44/lines 22-25; page 45/lines 6-13; pages 46-47/ lines 1-7] though not contained in the Journal Entry dated 02/22/2023/Appendix I].