OPINION
{¶ 1} Appellant, Roger L. Porter, appeals the judgment entered by the Portage County Court of Common Pleas. The trial court sentenced Porter to an eight-year prison term for his rape conviction.
 {¶ 2} On February 17, 2005, Porter engaged in consensual sexual intercourse with his wife, Elizabeth Porter. Thereafter, Porter and Elizabeth got into an argument. During this time, Elizabeth's four children were in the apartment. Part of the argument *Page 2 
concerned Porter's discovery that Elizabeth possessed dildos. Porter considered Elizabeth's use of dildos to be cheating. Porter cut one of the dildos into several pieces. Then, he locked the bedroom door so that no one could enter the bedroom. In addition, he removed the battery from the cordless phone and discarded the handset. Porter held Elizabeth down by her throat. Then, he forced pieces of the dildo into Elizabeth's vagina.
 {¶ 3} After the incident, Porter walked away from the residence. Elizabeth called the police to report Porter's actions. The police found Porter in the vicinity of the residence. Porter waived hisMiranda rights and gave a statement to the police. In his statement, Porter admitted to committing the acts against Elizabeth.
 {¶ 4} As a result of this incident, Porter was indicted on three counts, including two counts of rape, in violation of R.C. 2907.02(A)(2) and first-degree felonies, and one count of kidnapping, in violation of R.C. 2905.01(A)(4) and a first-degree felony. Porter initially pled not guilty to these charges.
 {¶ 5} On April 25, 2005, a change of plea hearing was held. Porter appeared at the hearing with counsel. At the hearing, Porter withdrew his not guilty pleas and entered a guilty plea to Count 1 of the indictment, rape. Upon the state's request, the trial court dismissed the other rape charge and the kidnapping charge.
 {¶ 6} Porter was sentenced to eight years in prison for his rape conviction. The judgment entry of sentence was filed on June 7, 2005.
 {¶ 7} On February 21, 2006, Porter filed a pro se motion for postconviction relief in the trial court. The ground for Porter's motion was that his sentence violated the *Page 3 
United States Supreme Court's holding in Blakely v. Washington (2004),542 U.S. 296.[1] The trial court denied Porter's motion.
 {¶ 8} On August 10, 2006, Porter filed a pro se motion for delayed appeal. This court granted Porter's motion for delayed appeal. In March 2007, this court sua sponte dismissed Porter's appeal for failure to prosecute. However, upon Porter's motion for reconsideration, this court vacated its entry dismissing the appeal. In June 2007, Attorney Eric Pizzuti was appointed to represent Porter for the purposes of this appeal.
 {¶ 9} Attorney Pizzuti subsequently filed a motion to withdraw as counsel. In addition, he filed a brief, pursuant to Anders v.California (1967), 386 U.S. 738, wherein he asserts that any appeal by Porter would be frivolous. In Anders, the United States Supreme Court held that if appellate counsel "finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Id. at 744. Counsel's request to withdraw must be complemented with an appellate brief citing any portions of the record that could arguably support the appeal. Id. Further, counsel's brief is required to be served on the appellant, and the appellant is given the opportunity to raise any additional items. Id. Finally, the appellate court reviews the entire record, including the briefs submitted by counsel and the pro se appellant, and determines whether the appeal is "wholly frivolous." Id. If the court finds the appeal is "wholly frivolous" the court may grant counsel's motion to withdraw and "proceed to a decision on the merits." Id. If, however, the court concludes the appeal is not frivolous, it must appoint new counsel for the indigent appellant. Id. *Page 4 
 {¶ 10} Attorney Pizzuti's initial Anders brief did not contain a certificate of service indicating that it had been served on Porter. As such, this court issued a judgment entry requiring Attorney Pizzuti to serve a copy of his brief on Porter. After Attorney Pizzuti filed his revised Anders brief containing a valid certificate of service, this court issued a judgment entry, which provided Porter an opportunity to file a pro se brief in support of his appeal. Porter filed a pro se brief in support of his appeal.
 {¶ 11} Porter's assigned appellate counsel raises the following "possible" assignments of error:
 {¶ 12} "[1.] Appellant, Roger L. Porter a.k.a. Roger L. Smith, did not intelligently, knowingly, and voluntarily enter his plea of guilty.
 {¶ 13} "[2.] The trial court erred by imposing more than the minimum sentence allowable on the appellant, thereby violating the appellant'sSixth Amendment rights under the United States Constitution.
 {¶ 14} "[3.] Appellant, Roger L. Porter a.k.a. Roger L. Smith, had ineffective assistance of counsel at the trial court level."
 {¶ 15} In his pro se brief, Porter raises additional concerns of ineffective assistance of trial counsel.
 {¶ 16} We will initially address whether Porter's guilty plea was entered knowingly, voluntarily, and intelligently.
 {¶ 17} "Any time a defendant enters a guilty or no contest plea, he is waiving certain statutory and constitutional rights." State v.Lausin, 11th Dist. No. 2005-A-0049, 2006-Ohio-5649, at ¶ 17, citingState v. Nero (1990), 56 Ohio St.3d 106, 108. "This *Page 5 
waiver must be made `knowingly, intelligently, and voluntarily.'" Id., quoting State v. Nero, 56 Ohio St.3d at 108, citing State v.Stewart (1977), 51 Ohio St.2d 86, 92-93.
 {¶ 18} A change of plea hearing occurred on April 29, 2005. Porter appeared at this hearing with counsel. The trial court explained the nature of the charge against Porter, the potential penalties, and the possibility of post-release control. Porter indicated that he understood all of these items. The trial court also explained that Porter would be giving up certain constitutional rights by pleading guilty, including his right to confront adverse witnesses, his right to a jury trial, his right to have the state prove the charge against him beyond a reasonable doubt, and his right not to testify. Porter indicated that he understood all of these rights he was waiving. Moreover, the record contains a written plea of guilty, which is signed by Porter. This written guilty plea also demonstrates that Porter was aware of the rights he was waiving and that his guilty plea was entered knowingly, voluntarily, and intelligently.
 {¶ 19} In regard to the issue of whether Porter's guilty plea was entered knowingly, voluntarily, and intelligently, we conclude that any appeal on this issue would be wholly frivolous.
 {¶ 20} Next, we will address the assertion that Porter's sentence was in violation of Blakely v. Washington due to the trial court engaging in judicial factfinding to impose more-than-the-minimum sentence.
 {¶ 21} In State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, the Supreme Court of Ohio held that a defendant forfeits a Blakely challenge on appeal when he does not object to his sentence at the trial court level. Id. at ¶ 21. The Supreme Court of Ohio *Page 6 
held that in order to preserve the error for appellate review, the defendant must "timely assert his rights under Blakely." Id. at ¶ 23.
 {¶ 22} Porter did not object to the trial court's sentence at the sentencing hearing. Porter objected to the sentence eight months after the trial court's judgment entry of sentence was filed, in the form of a motion for postconviction relief. Therefore, even though there was an objection, it cannot be considered timely. As a result, we are left to review the case for plain error. State v. Payne, at ¶ 24.
 {¶ 23} In determining whether or not plain error has occurred, the Supreme Court of Ohio followed its prior holding in State v.Barnes:
 {¶ 24} "`First, there must be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain. To be "plain" within the meaning of Crim.R. 52(B), an error must be an "obvious" defect in the trial proceedings. * * * Third, the error must have affected "substantial rights." We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial.'" State v. Payne, at ¶ 16, quoting State v. Barnes (2002),94 Ohio St.3d 21, 27.
 {¶ 25} In addition, the Payne Court noted "[c]ourts are to notice plain error `only to prevent a manifest miscarriage of justice.'"State v. Payne, at ¶ 16, quoting State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 26} The Supreme Court of Ohio, in considering Payne's effort to seek resentencing stated:
 {¶ 27} "Payne, therefore, has failed to establish that he was prejudiced by the judicial fact-finding requirements. If Payne were to be resentenced, nothing in the record would hinder the trial court from considering the same factors it previously had *Page 7 
been required to consider and imposing the same sentence or even a more stringent one." State v. Payne, at ¶ 26.
 {¶ 28} In this case, the analysis is much the same. There is nothing in the record to indicate the court considered anything inappropriate in imposing Porter's sentence.
 {¶ 29} We conclude that any appeal on the ground that the trial court violated Porter's Sixth Amendment right to a jury trial by making judicial findings to impose a more-than-the-minimum sentence would be completely frivolous.
 {¶ 30} Finally, we will address Porter's contention that he received ineffective assistance of counsel.
 {¶ 31} In State v. Bradley, the Supreme Court of Ohio adopted the following test to determine if counsel's performance is ineffective: "[c]ounsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, adopting the test set forth inStrickland v. Washington (1984), 466 U.S. 668.
 {¶ 32} In regard to the issue of whether trial counsel was ineffective for failing to object to the Blakely issue at the sentencing hearing, this court has addressed this identical issue in the context of anAnders case and held that the appellant could not demonstrate the requisite prejudice, since he could not show that his sentence would have been any different. State v. Rader, 11th Dist. No. 2006-L-246,2008-Ohio-533, at ¶ 21-25. For the reasons stated in State v.Rader, any claimed error based on *Page 8 
ineffective assistance of counsel for failing to object to theBlakely issue would be wholly frivolous. Id.
 {¶ 33} In his pro se brief, Porter contends that his trial counsel did not inform him of the effect of his guilty plea. However, at the change of plea hearing, the trial court asked Porter if he was "satisfied with the representation of [his] attorney." Porter responded "[y]es, your Honor" to the court's inquiry. This statement affirmatively demonstrates that Porter was satisfied with his trial counsel's representation regarding his guilty plea.
 {¶ 34} In his pro se brief, Porter alleges his counsel was ineffective for failing to interview potential witnesses, disregarding information regarding the true offender, and informing the defendant he would be found guilty. In regard to these issues, we note that the victim in this matter was Porter's wife, so the identity of the offender was not in dispute. Further, both Porter and his wife gave statements to the police, which consistently described the underlying events.
 {¶ 35} Porter also argues in his pro se brief that counsel failed to offer any mitigating evidence at the sentencing hearing. However, the transcript of the sentencing hearing shows that defense counsel noted that Porter had a minimal criminal history, that the underlying crime was committed in a jealous rage, and that Porter's conduct was "completely out of character."
 {¶ 36} In regard to the various issues associated with claims of ineffective assistance of counsel, we conclude that any appeal of these issues would be entirely frivolous.
 {¶ 37} Attorney Pizzuti's motion to withdraw is granted. *Page 9 
 {¶ 38} The judgment of the trial court is affirmed.
DIANE V. GRENDELL, P.J., MARY JANE TRAPP, J., concur.
[1] We note that Porter's motion for postconviction relief was filed prior to the Supreme Court of Ohio's announcement of its decision inState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. *Page 1