JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Orlando Pendleton, appeals his sentence. Finding no merit to the appeal, we affirm.
 {¶ 2} In 2006, Pendleton pled guilty to aggravated burglary, aggravated robbery, and felonious assault stemming from a break-in at his neighbor's house where Pendleton brutally assaulted the neighbor and stole $800.
 {¶ 3} The trial court sentenced Pendleton to a total of fifteen years in prison. Pendleton received eight years in prison for aggravated burglary, to run concurrent with eight years for aggravated robbery, and the trial court ordered those sentences to run consecutive to seven years in prison for felonious assault.
 {¶ 4} Pendleton appeals his sentence, raising one assignment of error in which he argues that he was deprived of his liberty without due process when he was sentenced under a "judicially altered, retroactively applied, and substantially disadvantageous statutory framework."
 {¶ 5} Pendleton claims that State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, 845 N.E.2d 470, should not apply to his case because his crimes occurred prior to the Ohio Supreme Court's decision inFoster. He also argues that his due process rights were violated by the ex post facto application of Foster
 {¶ 6} First, we note that Pendleton did not object to the constitutionality of his sentence at the sentencing hearing. Accordingly, we find he has forfeited this issue for appellate purposes.State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, *Page 4 
at ¶ 21, 873 N.E.2d 306; see also State v. Frazier, 115 Ohio St.3d 139,2007-Ohio-5048, 873 N.E.2d 1263.
 {¶ 7} We will, however, consider Pendleton's claim if he is able to show that the trial court committed plain error in sentencing him. A party claiming plain error must show that (1) an error occurred, (2) the error was obvious, and (3) the error affected the outcome of the trial.State v. Barnes, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240; Crim.R. 52(B). The burden of demonstrating plain error is on the party asserting it and "[n]otice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus.
 {¶ 8} We find the imposition of nonminimum and consecutive sentences imposed on Pendleton does not constitute plain error. AfterFoster, trial courts are "no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, supra at 4 ¶ 100. We have previously rejected the argument that Foster does not apply to defendants who committed their crimes pre-Foster but were sentenced post-Foster and also dismissed the claim that a defendant's due process rights were violated with an ex post facto application ofFoster. See State v. Mallette, Cuyahoga App. No. 87894, 2007-Ohio-715, discretionary appeal not allowed, 115 Ohio St.3d 1439, 2007-Ohio-5567. *Page 5 
 {¶ 9} Therefore, the sole assignment of error is overruled.
 {¶ 10} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, JUDGE
 FRANK D. CELEBREZZE, JR., A.J., and MELODY J. STEWART, J., CONCUR *Page 1