OPINION
{¶ 1} Defendant, Jason Mark Herron, appeals from an order of the court of common pleas that denied Herron's motion for leave to file a delayed motion for a new trial.
 {¶ 2} Herron was convicted in 2003, following a jury trial, of felonious assault, with a firearm specification, *Page 2 
improperly discharging a firearm at or into a habitation, having weapons while under a disability, and murder, with a firearm specification. Herron was sentenced to serve terms of incarceration totaling thirty-eight years to life. We affirmed Defendant's conviction and sentence on direct appeal. State v. Herron, Montgomery App. No. 19894,2004-Ohio-773.
 {¶ 3} On July 30, 2007, Defendant filed a pro se application captioned "Motion For Leave To File Motion For New Trial." Defendant argued that inasmuch as a prior motion for new trial filed on his behalf by his appointed counsel was denied because it had not been timely filed, Defendant was denied the effective assistance of counsel. Defendant further argued that he was factually innocent of the crime of murder because he should instead have been convicted of involuntary manslaughter.
 {¶ 4} The State filed a motion opposing Defendant's application. On September 20, 2007, Defendant's request for leave to file a motion for a new trial was denied by the trial court. Defendant filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN VIOLATION OF APPELLANT'S ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW AS GUARANTEED BY THE OHIO AND U.S. CONSTITUTION *Page 3 
IN SUMMARILY OVERRULING THE MOTION FOR LEAVE AND MOTION FOR NEW TRIAL."
SECOND ASSIGNMENT OF ERROR
 {¶ 6} "THE TRIAL COURT ERRED AS A MATTER OF LAW IN NOT DETERMINING THAT THE COURT HAD INHERENT JURISDICTION TO VACATE A JUDGMENT OF CONVICTION WHICH IS VOID AS BEING IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE OHIO AND UNITED STATES CONSTITUTION."
 {¶ 7} Crim. R. 33(B) provides, in pertinent part:
 {¶ 8} "Motion for new trial; form, time. Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein."
 {¶ 9} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable *Page 4 
representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must affirmatively demonstrate to a reasonable probability that were it not for counsel's errors, the result of the trial would have been different. Id.; State v.Bradley (1989), 42 Ohio St.3d 136. Further, the threshold inquiry should be whether a defendant was prejudiced, not whether counsel's performance was deficient. Strickland.
 {¶ 10} Defendant might have been prejudiced by his counsel's failure to timely file the prior motion for new trial, if some basis in law to allow the court to order a new trial could have been found. Defendant's current motion for leave (Dkt 6) did not identify what that basis could be, except to make a broad and unsupported assertion of "factual innocence." That assertion failed to satisfy the showing of prejudice that Strickland and Bradley require. Therefore, on the record before it, the trial court did not err when it denied Defendant's motion for leave.
 {¶ 11} Defendant reveals the basis in law on which his motion for new trial would rely in his brief on appeal. Defendant argues that his constitutional rights to due process and equal protection of the law were denied because the crime *Page 5 
of felony murder of which he was convicted, R.C. 2903.02(B), prohibits the same conduct and requires the same proof as the crime of involuntary manslaughter, R.C. 2903.04(A), yet a conviction for felony murder permits imposition of a more severe punishment.
 {¶ 12} Defendant's argument suffers from two flaws, both fatal. The first is that Defendant failed to present this contention in the trial court proceedings, which forfeits his right to argue the deprivations of his constitutional rights he presents on appeal. State v. Payne,114 Ohio St.3d 502. 2007-Ohio-4642. The second flaw is that the argument fails unless Defendant shows that in charging and convicting him, the State discriminated against a class of defendants to which he belongs based upon some unjustifiable standard such as race or religion.United States v. Batchelder (1979), 442 U.S. 114, 99 S.Ct. 2198,60 L.Ed.2d 755; State v. Dixon, Montgomery App. No. 18582, 2002-Ohio-541. Defendant offers no basis to make such a finding, and his argument therefore fails.
 {¶ 13} The assignments of error are overruled. The judgment of the trial court will be affirmed.
 WOLFF, P.J. And WALTERS, J., concur. *Page 6 
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
R. Lynn Nothstine, Esq.
Jason Mark Herron
 Hon. Mary L. Wiseman *Page 1