[Cite as *State v. Benkoe*, 2012-Ohio-1180.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 2011CA00194 |
| MATTHEW BENKOE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of
                              Common Pleas, Case No. 2011 CR 0869


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       March 19, 2012


APPEARANCES:


For Plaintiff-Appellee              For Defendant-Appellant


JOHN D. FERRERO,                    STEVEN A. REISCH
PROSECUTING ATTORNEY,               Stark County Public Defender Office
STARK COUNTY, OHIO                  200 West Tuscarawas St., Suite 200
                                    Canton, Ohio 44702
By: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1413

*Hoffman, J.*

**(¶1)** Defendant-appellant Matthew Benkoe appeals his conviction and sentence entered in the Stark County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE

**(¶2)** In 2003, Appellant entered a plea of guilty to a reduced charge of gross sexual imposition, a felony of the third degree, and was declared a sexually oriented offender under Megan's Law, the sex offender statute in effect at the time of his conviction, in *State v. Benkoe*, Geauga Co. Case No. 03C000093. As a sexually oriented offender under Megan's Law, Appellant was required to register any change of address with the sheriff of the county where he resided after his release from prison at least twenty days prior to changing his address. He was also required to verify his current residential address annually for a period of ten years.

**(¶3)** In 2007, Appellant moved to Stark County, and failed to register his address. He entered a plea of guilty to failure to register in *State v. Benkoe,* Stark County Court of Common Pleas Case No. 2007CR1936. In 2010, he entered a plea of guilty to failure to provide written notice of a residence change to the Stark County Sheriff's Office at least twenty days prior to the change of address in *State v. Benkoe,* Stark County Court of Common Pleas Case No. 2010CR0239.

**(¶4)** Effective January 1, 2008, the Ohio Legislature amended current R.C. 2950.99 directly correlating the underlying sex offense conviction to a failure to register conviction, and requiring the trial court to impose a definite prison term of no less than

three years if the offender has previously been convicted of failing to register under Ohio law.

(¶5) Appellant was released from prison after serving his sentence. On May 4, 2011, Appellant registered his address as Refuge of Hope, 300 Walnut Avenue N.E., Canton, Ohio. Appellant signed a "Notice of Registration Duties of Sexually Oriented Offender" acknowledging he understood the notification requirements.

(¶6) On May 28, 2011, Appellant was removed from the Refuge of Hope for failure to follow rules and claimed to be living on the streets. Appellant then failed to register with the Stark County Sheriff's Office. Accordingly, a warrant was issued for his arrest.

(¶7) Appellant was indicted by the Stark County Grand Jury for failure to notify of change of address; registration of new address, R.C. 2950.05(A)(F)(1). The indictment contained the two previous convictions for violations of the same statute; elevating the penalty under R.C. 2929.13(F) to a mandatory three year prison sentence.

(¶8) On August 11, 2011, Appellant entered a plea of no contest to the charge in the indictment, and orally objected to the application of the mandatory sentence. The trial court convicted Appellant of the charge, and sentenced him to three years in prison.

(¶9) Appellant now appeals, assigning as error:

(¶10) "I. THE APPLICATION OF THE MANDATORY PRISON SENTENCE OF S.B. 9 TO THE APPELLANT VIOLATED SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION.

(¶11) "II. THE IMPOSITION OF A THREE YEAR SENTENCE FOR FAILURE TO REGISTER AS A SEXUALLY ORIENTED OFFENDER IS GROSSLY

DISPROPORTIONATE TO THE CRIME AND CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT."

I.

(¶12) In the first assignment of error, Appellant maintains the trial court erred in applying the mandatory prison sentence herein. Appellant argues the trial court should have imposed the penalty provision in effect at the time he was declared a sexually oriented offender in 2003. Specifically, Appellant argues the penalty provision violates the retroactivity clause of the Ohio Constitution banning the passage of laws creating new burdens not existing at the time the crime was committed. *Bielat v. Bielat,* 87 Ohio St.3d 350.

(¶13) Appellant was convicted of a new offense, failure to notify of change of address under R.C. 2950.05 (A)(F)(1). The penalty was enhanced because of Appellant's two prior convictions for failing to register. See *State v. Cook*, 83 Ohio St.3d 404 (holding the punishment for failure to register flows from a new violation of the statute, not for a past sexual offense.) Here, the trial court sentenced Appellant for the commission of a new crime, not a new punishment for the past sexually oriented offense. Not every offender who has committed a sexually oriented offense is subject to the new penalties imposed by R.C. 2950.99; only those who commit a new offense under R.C. 2950.04, 2950.041, 2950.05 or 2950.06. See *Bielat*, supra.

(¶14) Appellant's assignment of error is overruled.

II.

(¶15) In the second assignment of error, Appellant argues his sentence is grossly disproportionate to the offense and constitutes cruel and usual punishment.

**(¶16)** Recently in *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the Ohio Supreme Court held "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and 11, 896 N.E.2d 124, citing *Foster* at ¶ 100, See also, *State v. Payne,* 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306; *State v. Firouzmandi,* Licking App. No.2006–CA–41, 2006–Ohio–5823, 2006 WL 3185175.

**(¶17)** The Court in *Kalish* held appellate courts must use a two-step approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse of discretion standard." *Kalish* at ¶ 4, *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470.

**(¶18)** Here, Appellant had two prior convictions for failure to register a residential address.   The mandatory three year prison term was provided for by statute. While we concur with the trial court the sentence may seem harsh under the circumstances, Appellant's sentence is not contrary to law and we hold it does not constitute cruel and unusual punishment.

**(¶19)** The second assignment of error is overruled.

**(¶20)** Appellant's sentence in the Stark County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
MATTHEW BENKOE                         :
                                       :
    Defendant-Appellant            :          Case No. 2011CA00194


For the reasons stated in our accompanying Opinion, Appellant's sentence in the

Stark County Court of Common Pleas is affirmed.  Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS