[Cite as *State v. Bernhart*, 2012-Ohio-1752.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 11CA017 |
| RONALD E. BERNHART JR. | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Holmes County Court of Common Pleas, Case No. 11CR054

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     April 17, 2012

APPEARANCES:

For Plaintiff-Appellee     For Defendant-Appellant

STEVE KNOWLING
Prosecuting Attorney
Holmes County, Ohio
164 E. Jackson Street
Millersburg, Ohio 44654

JEFFREY G. KELLOGG
5 South Washington Street
Millersburg, Ohio 44654

*Hoffman, P.J.*

{¶1}   Defendant-appellant Ronald E. Bernhart, Jr. appeals his sentence entered by the Holmes County Court of Common Pleas.  Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2}   On April 6, 2011, the Holmes County Sheriff's Office was contacted by the Holmes County Department of Job and Family Services in reference to an alleged sexual incident between Appellant and a thirteen year-old female.  Appellant was eighteen years-old at the time of the incident.  Appellant later admitted to two acts of sexual intercourse with the minor female.

{¶3}   On April 25, 2011, Appellant was arraigned on one count of unlawful sexual conduct with a minor, a violation of R.C. 2907.04(A), a fourth degree felony.  On May 26, 2011, pursuant to a negotiated plea agreement, Appellant entered a plea of guilty to the count.  In exchange for Appellant's plea, the State agreed to file no further charges against Appellant relating to the victim.  The State also agreed not to object to community control sanctions if recommended by the Adult Probation Department.

{¶4}   On August 4, 2011, the trial court sentenced Appellant to eighteen months in prison, the maximum sentence for a fourth degree felony violation of R.C. 2907.04(A).

{¶5}   Appellant now appeals, assigning as error:

{¶6}   "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED RONALD BERNHART TO THE MAXIMUM TERM OF IMPRISONMENT FOR CONVICTION OF A FOURTH DEGREE FELONY."

{¶7}   In *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the Ohio Supreme Court reviewed its decision in *State v. Foster,* 109 Ohio St.3d 1,

2006–Ohio–856, 845 N.E.2d 470 as it relates to the sentencing statutes and appellate review of felony sentencing. See, *State v. Snyder,* Licking App. No.2008–CA–25, 2080–Ohio–6709, 2008 WL 5265826.

**{¶8}** In *Kalish,* the Court discussed the affect of the *Foster* decision on felony sentencing. The Court stated, in *Foster,* the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and 11, 896 N.E.2d 124, citing *Foster* at ¶ 100, See also, *State v. Payne,* 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306; *State v. Firouzmandi,* Licking App. No.2006–CA–41, 2006–Ohio–5823, 2006 WL 3185175.

**{¶9}** *Kalish* held in reviewing felony sentences and applying *Foster* to the remaining sentencing statutes, the appellate courts must use a two-step approach. "First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment shall be reviewed under an abuse of discretion standard." *Kalish* at ¶ 4, *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470.

**{¶10}** The Supreme Court held, in *Kalish,* the trial court's sentencing decision was not contrary to law. "The trial court expressly stated that it considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12. Moreover, it properly applied post release control, and the sentence was within the permissible

range. Accordingly, the sentence is not clearly and convincingly contrary to law." *Kalish* at ¶ 18. The Court further held the trial court "gave careful and substantial deliberation to the relevant statutory considerations" and there was "nothing in the record to suggest that the court's decision was unreasonable, arbitrary, or unconscionable." *Kalish* at ¶ 20.

{¶11} We first find the trial court's sentence was not contrary to law. We also find the trial court considered the applicable felony sentencing statutes, determined Appellant was not amenable to community control sanctions, and determined the overriding purposes of felony sentencing warranted the maximum prison term of eighteen months for a fourth degree felony. At the sentencing hearing, the trial court found recidivism was likely due to Appellant's prior criminal record and prior adjudications of delinquency. The trial court found the offense was more serious due to the victim's age, and the offense being facilitated by the offender's relationship with the victim. The court further found Appellant showed no genuine remorse. Upon review, we do not find the trial court abused its discretion in the imposition of Appellant's sentence.

{¶12} Appellant's sentence in the Holmes County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| RONALD E. BERNHART JR. | : | |
| | : | |
| Defendant-Appellant | : | Case No. 11CA017 |

For the reasons stated in our accompanying Opinion, Appellant's sentence entered by the Holmes County Court of Common Pleas is affirmed. Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

s/ John W. Wise_____
HON. JOHN W. WISE