Lanzinger, J.,
concurring in part and dissenting in part.
{¶ 17} I dissent from the portion of the lead opinion that states that imposition of a community-control sanction without the trial court’s review of a presentence investigation (“PSP’) report automatically requires the sentence to be reversed as “contrary to law,” apparently pursuant to R.C. 2953.08(G)(2)(b). I would hold that when a court has not considered a PSI report and the parties have not waived its preparation or objected to its absence, a sentence imposing a community-control sanction for a fourth- or fifth-degree-felony offense should not be disturbed on appeal unless plain error is shown. This means that the appellate court, using principles set forth in Crim.R. 52, must still consider whether the sentence itself is clearly and convincingly “contrary to law.”
{¶ 18} I agree with the lead opinion insofar as it discusses how the conflicting statutes bedevil a sentencing judge. The overriding purposes of felony sentencing stated in R.C. 2929.11(A) include “punish[ing] the offender using the minimum sanctions” that the court finds appropriate “without imposing an unnecessary burden on state or local government resources.” But before a trial court can impose a minimum sanction and save government resources, R.C. 2951.03(A)(1) requires the judge to first order and review a PSI report. Crim.R. 32.2 also imposes this duty on the court. These provisions do not recognize exceptions. Yet requiring a PSI for every low-level felony sentence conflicts with the concept that the court is to accomplish the purposes of sentencing “without imposing an unnecessary burden on state or local government resources.” R.C. 2929.11(A).
{¶ 19} Amos and Richmond were each convicted of fifth-degree felonies. In both cases, the trial court accepted a guilty plea and proceeded directly to sentencing without ordering a PSI. But in neither case did any party expressly *245 waive the PSI requirement or object to the fact that a PSI report was absent.[3] Amos was sentenced to 30 days in jail with credit for time served, a fine of $150, and a six-month suspension of his driver’s license. Richmond was sentenced to 30 days in jail with credit for time served and a $200 fine. Both sentences consisted of “community control sanctions” under R.C. 2929.01(E) and authorized by R.C. 2929.16 and 2929.18.
{¶ 20} The question is, what should be done as a result of the trial court’s failure to obtain a PSI report as required by R.C. 2951.03(A)(1) and Crim.R. 32.2 when the parties do not object to that failure at sentencing? Does the court’s omission in this regard, when neither party brings the error to the court’s attention, cause the sentence to be clearly and convincingly contrary to law within the meaning of R.C. 2953.08(G)(2)(b)? Not necessarily.
{¶ 21} The harmless-error rule, Crim.R. 52(A), instructs that “any error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded.” And when a party fails to object to error, the plain-error rule provides that “plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.” (Emphasis added.) Crim.R. 52(B).
{¶ 22} We explained in State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, that there are three limits placed on reviewing courts for correcting plain error:
“First, there must be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain. To be ‘plain’ within the meaning of Crim.R. 52(B), an error must be an ‘obvious’ defect in the trial proceedings. * * * Third, the error must have affected ‘substantial rights.’ We have interpreted this aspect of the rule to mean that the trial court’s error must have affected the outcome of the trial.” State v. Barnes (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240. Courts are to notice plain error “only to prevent a manifest miscarriage of justice.” State v. Long (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus.
Id. at ¶ 15-16.
{¶ 23} In other words, the third point explains that a plain error must be “outcome determinative.” For sentencing, this would mean that the error caused *246 a sentence that was contrary to law. See R.C. 2953.08(G)(2)(b). And the appellate court must find this to be so “clearly and convincingly.” R.C. 2953.08(G)(2). The court’s failure to first order and review a PSI report is not a flaw in the sentence itself. Rather, it is a flaw in the sentencing procedure.
{¶ 24} We have previously determined that not every procedural flaw at sentencing requires reversal. For example, reversal of the sentence is not automatically required when the defendant was not afforded an opportunity to allocute at sentencing pursuant to Crim.R. 32(A)(1). State v. Campbell, 90 Ohio St.3d 320, 326, 738 N.E.2d 1178 (2000) (an appellate court should not reverse a sentence for the trial court’s failure to offer allocution if the error was invited or harmless); State v. Reynolds, 80 Ohio St.3d 670, 684, 687 N.E.2d 1358 (1998) (trial court’s failure to comply with Crim.R. 32(A)(1) did not require reversal of death sentence when defendant had made statements in mitigation of punishment prior to sentencing).
{¶ 25} The PSI is a means to accomplishing an end goal of a fair sentence — and not an end unto itself. We must examine the sentences of Amos and Richmond to see if the sentences themselves are clearly and convincingly contrary to law. I do not believe that this standard is met. R.C. 2929.13(A) provides, “If the offender is eligible to be sentenced to community control sanctions, the court shall consider the appropriateness of imposing a financial sanction * * * as the sole sanction for the offense.” A conflicting provision of R.C. 2929.13(B)(1)(a) provides that “the court shall sentence the offender to a community control sanction of at least one year’s duration.” Further conflict arises under R.C. 2929.16(A)(2), which authorizes a court sentencing for a felony to impose “a term of up to six months in a jail” as a community-control sanction. The sanctions imposed for Amos and Richmond were authorized as being “one or more” community-control sanctions under R.C. 2929.15(A)(1). And a sentence of community-control sanctions alone is a sentence that is authorized for a felony of the fifth degree. It is actually the preferred sentence.
{¶ 26} There is nothing in either record to show “clearly and convincingly” that the court imposed a sentence contrary to law in failing to review a PSI report beforehand. There is no statement suggesting that further information was needed before the court made its decision for these particular community-control sanctions. Because I would find that neither sentence was clearly and convincingly contrary to law, I would affirm the judgment of the court of appeals in State v. Amos, case No. 2012-2093, and reverse the judgment of the court of appeals in State v. Richmond, case No. 2012-2156.
{¶ 27} The General Assembly should act to recognize situations such as these in which the delay in and the expense of creating a PSI report are unnecessary. For the types of low-level felonies at issue in these cases, whether to order *247 preparation of a PSI report should be left to the discretion of the court. To this end, the duration requirement of R.C. 2929.13(B)(1)(a) should be amended for clarification along with R.C. 2951.03(A)(1) and Crim.R. 32.2. These amendments would honor the idea of conservation of resources and would harmonize with other sentencing provisions of the Revised Code.
Pfeifer, J., concurs in the foregoing opinion.

. The prosecutor in Amos’s case did object, but merely argued against the sentence by stating, “For felony 5’s it’s community control or prison.” No party in either case objected to the fact that the trial court did not impose “a community control sanction of at least one year’s duration” pursuant to R.C. 2929.13(B)(1)(a).