[Cite as *State v. Taylor*, 2020-Ohio-5291.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo          Court of Appeals Nos. L-19-1228
L-19-1229

    Appellee

                             Trial Court Nos. TRD-19-04377
v.                                   TRC-19-02347

Edward L. Taylor                 **DECISION AND JUDGMENT**

    Appellant                        Decided: November 13, 2020

* * * * *

Adam H. Houser, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is a consolidated appeal from a judgment of the Toledo Municipal Court which, following a bench trial, found appellant guilty of five criminal offenses and sentenced him to a total jail term of six days plus fines and court costs. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} On February 5, 2019, Toledo police filed an affidavit with the Toledo Municipal Court against appellant Edward L. Taylor for violating R.C. 4511.21 and 4511.19(A)(1)(a). Appellee alleged appellant was speeding and operating a vehicle while under the influence of drugs or alcohol at 2:00 a.m. on February 4, 2019, in Toledo. The two alleged offenses were assigned case No. TRC-19-02347.

{¶ 3} On March 4, 2019, Toledo police filed three affidavits with the Toledo Municipal Court against appellant for violating R.C. 4510.14, 4513.05, 2921.33 and 2921.31. Appellee alleged after stopping appellant in Toledo on March 4, 2019 at 12:24 a.m. for driving without working tail lights and driving under a suspended license, he resisted arrest and obstructed official police business. The four alleged offenses were assigned case Nos. TRD-19-04377 and CRB-19-02532.

{¶ 4} On August 14, 2019, appellant withdrew all prior pleas, and the cases were consolidated for a bench trial on October 1, 2019. At the conclusion of the trial, the court found appellant guilty of five out of the six offenses and determined his sentences. The sentencing entry was journalized on October 7, 2019.

{¶ 5} For case No. TRD-19-04377-102 the trial court found appellant guilty of violating R.C. 4510.14, driving while under O.V.I. suspension, and sentenced appellant to three days in jail and to pay a $100 fine and court costs.

{¶ 6} For case No. TRD-19-04377-202 the trial court found appellant guilty of violating R.C. 4510.14, no working tail lights, and sentenced defendant to pay a $25 fine and court costs.

2.

{¶ 7} For case No. CRB-19-02532-102 the trial court found appellant guilty of violating R.C. 2929.33, resisting arrest, and sentenced defendant to pay a $100 fine and court costs.

{¶ 8} For case No. TRC-19-02347-102 the trial court found appellant guilty of violating R.C. 4511.19, operation of a vehicle while under the influence of alcohol, and sentenced defendant to 180 days in jail with 177 days suspended, to pay a $375 fine and court costs, to suspend his driver's license for one year, and to probation with mandatory assessment and treatment.

{¶ 9} For case No. TRC-19-02347-202 the trial court found appellant guilty of violating R.C. 4511.21, speeding, and sentenced defendant to pay a $35 fine and court costs.

{¶ 10} Appellant timely appealed the trial court's sentencing entry for case No. TRC-19-02347-102, which was assigned appeal No. L-19-1228, and for case No. TRC-19-02347-102, which was assigned appeal No. L-19-1229. This court consolidated the appeals on November 21, 2019. Appellant set forth one assignment of error:

> I. The Trial Court's Decision Committed Plain Error when it allowed the improper testimony of the Officer as it relates to the Field Sobriety Test and there was no other evidence of impairment that was properly submitted and made the decision Against the Manifest Weight of Evidence.

3.

{¶ 11} In support of his assignment of error, appellant argued the trial court erred because the manifest weight of the evidence showed appellee did not put forth any evidence appellant was under the influence of alcohol while driving on February 4, 2019. Appellant argued appellee "did not play the video of the traffic stop [and] did not submit any breathalyzer results." Appellant argued the trial court should have disregarded the officer's testimony because he gave the wrong standards for detecting intoxication level, administering the stand-and-turn test, and administering the one-leg stand test. Appellant further argued the trial court committed plain error surrounding the testimony of Sergeant Evan Slates of the State Highway Patrol, the arresting officer.

{¶ 12} The transcript of the October 1, 2019 bench trial is in the record. The record also shows that two weeks prior to trial appellant notified the court he would represent himself at trial and refused to have a public defender appointed for him.

{¶ 13} Sergeant Slates testified at the bench trial that he observed appellant at 2:00 a.m. on February 4, 2019, driving at 47 m.p.h. in a 25 m.p.h. zone in Toledo and activated his lights to follow appellant. Appellant did not stop and Sergeant Slates then observed appellant travel 70 m.p.h. in a 35 m.p.h. zone, in addition to traveling too close to a car he approached and to crossing over the marked center line of the road. Eventually Sergeant Slates was able to stop appellant. When Sergeant Slates approached appellant in the driver's seat of the vehicle, he "noticed a strong odor of alcoholic beverage coming from the vehicle * * * [and appellant's] bloodshot and glassy eyes."

4.

Appellant admitted to consuming alcohol and consented to exit the vehicle to allow

Sergeant Slates "to check his eyes to make sure that he was okay to drive."

{¶ 14} Sergeant Slates conducted three field sobriety tests. For the first test, the horizontal gaze nystagmus, Sergeant Slates "observed six of six clues, plus vertical nystagmus, which is indicative of higher alcohol intake." For the second test, the walk-and-turn, Sergeant Slates demonstrated walking on an imaginary line touching heel to toe and asked appellant if he understood the instruction. Appellant said he did. Sergeant Slates observed appellant take an improper number of steps and failed to walk heel to toe. For the third test, the one-leg stand, Sergeant Slates demonstrated placing the feet together with hands down on the side and lifting one leg. Again Sergeant Slates asked appellant if he understood the instruction, and again appellant said he did. Sergeant Slates testified, "I believe I observed he swayed and put his foot – I can't remember the exact clues from the one-leg stand test."

{¶ 15} As a result of his observations of appellant's performance of the field sobriety tests, Sergeant Slates arrested appellant for operating a vehicle while intoxicated and for speeding. During the arrest, Sergeant Slates described appellant as "very disrespectful" and "not cooperative." At the jail, Sergeant Slates offered appellant to take a Breathalyzer test and demonstrated how to blow into the tube. Appellant agreed to take the test and indicated he understood what to do. However, appellant failed to blow into the tube about five or six times, instead either blowing through his nose or simply puffing

5.

out his cheeks. Sergeant Slate testified, "he refused to provide a valid sample and it was marked as a refusal."

{¶ 16} During the course of Sergeant Slates' testimony, playback of the dash cam video malfunctioned using the court's equipment, and the trial court informed appellee that it would have to proceed without the video. In addition, the trial court refused the admissibility on hearsay grounds of Sergeant Slate's written report. Sergeant Slate testified from memory without the aid of any exhibits admitted into evidence.

{¶ 17} Appellant declined to cross-examine Sergeant Slate, and appellee rested its case. Appellant then declined to offer a defense, and he rested his case.

{¶ 18} From the start of his pro se representation, appellant repeatedly objected to the bench trial proceedings on the grounds that he believed the Breathalyzer test results exonerated him and that appellee was withholding the test results. However, the trial court addressed appellant's complaint and denied what it deemed was a motion to dismiss:

> Court: Okay, so the document filed today is identified as Affidavit Statement of Facts. And in there it says that he has not received the Breathalyzer test results. Are there any Breathalyzer test results?
>
> Prosecutor: No, Judge, there is not.
>
> Court: Okay, that would explain why he's not received those. Is there anything else?

6.

Defendant: Yea, if I don't have the Breathalyzer test results, there is no evidence of no OVI. The case must be dropped.

Court: They just said that they don't have any Breathalyzer test results, but that is not the only evidence that they are able to present as far as an OVI. I have no idea what their evidence is because we haven't had trial yet.

Defendant: I know, but I can't proceed to trial without the Breathalyzer –

Court: There are no Breathalyzer test results.

Defendant: Well, then the case must be dismissed, Your Honor, because the officer lied and –

Court: The motion to dismiss is denied.

{¶ 19} We review appellant's challenge to his criminal conviction based on the manifest weight of the evidence. Appellant's argument questions whether the trier of fact could find a greater amount of credible evidence was admitted at trial to sustain that decision than not where the weight of credible evidence is not a question of mathematics; rather, its effect in inducing belief. *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 75.

{¶ 20} It is well established that the trier of fact, whether in a civil or criminal matter, has the primary duty to decide what weight should be given to the testimony of any witness. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one

7.

of the syllabus. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984). Appellate courts must presume that the findings of the trier of fact are correct. *Id.* Judgments supported by some competent and credible evidence going to all the essential elements of the offense will not be against the manifest weight of the evidence. *Id.*

{¶ 21} In determining whether a verdict is against the manifest weight of the evidence, we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way to create such a manifest miscarriage of justice as to require a new trial. *State v. Reynolds*, 6th Dist. Lucas No. L-16-1021, 2017-Ohio-1478, ¶ 47. A conviction will be overturned only in exceptional cases. *Id.*

{¶ 22} In order for appellant to be found guilty of a violation of R.C. 4511.19(A)(1)(a), appellee had to prove beyond a reasonable doubt that appellant operated a vehicle in Ohio while "under the influence of alcohol, a drug of abuse, or a combination of them."

{¶ 23} Sergeant Slates' testimony of the results of the field sobriety tests he administered is authorized by R.C. 4511.19(D)(4)(b)(i). His testimony was for the trier of fact to "give it whatever weight the trier of fact considers to be appropriate." R.C.

8.

4511.19(D)(4)(b)(iii). Contrary to appellant's assertions, the lack of Breathalyzer test results is not fatal to appellee meeting its burden of proof.

{¶ 24} A trial court's determinations on all evidentiary issues, such as the admissibility or exclusion of testimony, will not be reversed on appeal absent an abuse of discretion and proof of material prejudice. *State v. Belton*, 149 Ohio St.3d 165, 2016-Ohio-1581, 74 N.E.3d 319, ¶ 116. Abuse of discretion "'connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶ 25} We reviewed the record and do not find the trial court's attitude towards the admissibility of Sergeant Slates' testimony at trial was unreasonable, arbitrary or unconscionable. The trial court did not abuse its discretion and appellant did not provide proof of material prejudice.

{¶ 26} Nor do we find the trial court committed any plain error with respect to Sergeant Slates' testimony. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). A finding of plain error requires three determinations: (1) an actual error, i.e., a deviation from the legal rule, (2) the error was plain within the meaning of Crim.R. 52(B), i.e., an obvious defect in the trial proceedings, and (3) the error must have affected substantial rights, i.e., affected the outcome of the trial. *State v. Payne*, 114 Ohio St.3d 502,

9.

2007-Ohio-4642, 873 N.E.2d 306, ¶ 16. The burden is on the party asserting plain error. *Id.* at ¶ 17.

{¶ 27} "Plain error does not exist unless it can be said that but for the error, the outcome below would clearly have been otherwise." *State v. Jells*, 53 Ohio St.3d 22, 24, 559 N.E.2d 464 (1990). The Supreme Court of Ohio instructs us to take notice of the Crim.R. 52(B) plain error doctrine "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶ 28} We reviewed the record and do not find there was an actual error that was plain to the trial court and that affected a substantial right. Sergeant Slates' testimony at trial was from his direct observations and recollections of the events leading to appellant's arrest for the subject offenses. We do not find any plain error that but for the error, the outcome at trial would clearly have been otherwise.

{¶ 29} We find the record shows some competent and credible evidence going to all the essential elements of the offense that on February 4, 2019, appellant operated a vehicle in Ohio while under the influence of alcohol. Despite appellant's assertions to the contrary, we do not find the trier of fact clearly lost its way to create such a manifest miscarriage of justice as to require a new trial.

{¶ 30} Appellant's assignment of error is not well-taken.

**{¶ 31}** On consideration whereof, we find that substantial justice has been done in this matter. The judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                    _____
                                              JUDGE

Thomas J. Osowik, J.

                                     _____
Gene A. Zmuda, P.J.                           JUDGE
CONCUR.

                                     _____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.

11.