[Cite as *In re A.G.*, 2021-Ohio-3185.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE:  A.G.  :    APPEAL NO. C-200402
                   TRIAL NO. 19-135Z

:

:    *O P I N I O N.*

Appeal From:  Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 15, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Mary Stier*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Jessica Moss*, Assistant Public Defender, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1}   A.G. was adjudicated delinquent for complicity to robbery.   He advances the following arguments on appeal:   (1) the juvenile court erred in admitting and relying on the robbery victim's in-court identification of A.G.; (2) the juvenile court abused its discretion by admitting Facebook screenshots; (3) the juvenile court erred by denying his Crim.R. 29 motion and adjudicating A.G. delinquent based upon insufficient evidence; and (4) his adjudication was against the manifest weight of the evidence.   Finding no merit in the assignments of error, we affirm the juvenile court's judgment.

*Background Facts and Procedure*

{¶2}   At a trial before a juvenile court magistrate, the state presented evidence that, on November 7, 2018, Christopher Schreiber listed two cell phones for sale on Facebook Marketplace.   He was selling the phones for two coworkers.   A person using the Facebook account of "Drew Skeem" replied to the advertisement. After some texted conversation through the Facebook Messenger application, Schreiber arranged to meet the buyer inside the public library in Madisonville.

{¶3}   As a precaution, Schreiber made a video of himself with the phones for sale and took photos of the phones.   He also took screenshots of Drew Skeem's Facebook profile page and of other photos posted on Skeem's account, as well as the conversation on Facebook Messenger.

{¶4}   At the arranged time, Schreiber went into the library with the two phones under his arm.   He did not see anyone that he recognized from the Facebook account.   He waited about ten minutes, but the buyer failed to appear, so he left the library.   According to Schreiber, he felt uncomfortable because it was getting late and he was in an unfamiliar area, so he walked quickly to his car.   He testified that he walked past the person he recognized as Drew Skeem from the Facebook account.

He said, "I think we just nodded at each other or said hello * * * It was just we looked at each other and then kept going." He stated, "And then right after that, there was another guy who then - - well, we both made eye contact, and then the other gentleman passed me, and then he quickly followed me back to my car."

{¶5} As Schreiber opened his car door, he was hit from behind, pushed into the car, and attacked. Then Schreiber's assailant pulled him from the car, slammed him to the ground, grabbed the two phones that he was going to sell, and ran away. Schreiber chased the assailant and was able to recover one of the phones after the assailant threw it down on the ground.

{¶6} Cincinnati Police Detective Charles Zopfi testified that Schreiber sent him the screenshots that he had taken from the Drew Skeem Facebook account. Two of the screenshots were photos depicting two individuals, both of whom were wearing what Detective Zopfi recognized as the distinctive school uniform for a particular school in Cincinnati. The detective testified that the two photos depicted places within that particular school that he recognized. Based on that information, the detective developed A.G. as a suspect in the robbery.

{¶7} Detective Zopfi prepared a photo array that included a photo of A.G., and a different officer showed the array to Schreiber. Schreiber identified A.G. from the array and stated, "This is the guy that walked past me and I had contact with on Facebook." Schreiber told the officer that he was about 40 percent sure of his identification.

{¶8} At trial, Schreiber identified A.G. in the courtroom as the first person that he passed at the library, with what he described as "[p]robably 99 percent" certainty. He said that he recognized A.G. from his eyebrows and short hairstyle.

{¶9} The magistrate denied A.G.'s Crim.R. 29 motion and adjudicated him delinquent. In her decision, the magistrate noted that only three people—Schreiber, the unknown buyer, and the unknown assailant—knew of the date, time, and location

3

of the pending sale of the cell phones, and they were the only three present at the time of the robbery. She stated, "It is the juvenile's face that is depicted all over the 'Drew Skeem' account. It is his face on the cover page, his face depicted with others, and his face depicted in uniform at his high school." She noted that Schreiber testified with certainty that it was A.G. at the robbery scene, and that the screenshots "corroborate that the juvenile looked identical at trial to the current pictures on the 'Drew Skeem' account." She noted that the police photo array depicted A.G. with longer and fuller hair, and that it was "understandable why the victim was not more certain that it was A.G. who walked by him at the library when he saw the photo array."

{¶10} After overruling A.G.'s objections to the magistrate's decision, the juvenile court adopted the decision as its judgment. This appeal followed.

### In-Court Identification

{¶11} In his first assignment of error, A.G. argues that the trial court erred by admitting the victim's in-court identification of A.G. at trial.

{¶12} During Schreiber's testimony, he identified A.G., and the state asked that the record reflect the identification. The court asked defense counsel, "Any objection?," to which counsel responded, "No objection to the in-court identification."

{¶13} A.G. explicitly waived any error in the court's admission of the victim's in-court identification. "Waiver is the intentional relinquishment or abandonment of a right, and waiver of a right 'cannot form the basis of any claimed error under Crim.R. 52(B).' " *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 23, quoting *State v. McKee*, 91 Ohio St.3d 292, 299, 744 N.E.2d 737 (2001), fn. 3 (Cook, J., dissenting). In other words, waiver extinguishes a claim of plain error

4

under Crim.R. 52(B). *Id.* If a defendant waived his rights, an appellate court's review ends, unless there is a finding of structural error.[1] *Id.* at ¶ 24.

{¶14} In this case, no structural error is alleged, and A.G. has waived consideration of any error regarding the victim's in-court identification because defense counsel affirmatively stated that he had no objection to it. *See State v. Straughn*, 9th Dist. Summit No. 29549, 2021-Ohio-1054, ¶ 50 (defendant's ability to challenge the issue of a juror's contact with a prosecutor was waived by defense counsel); *State v. Fitts*, 6th Dist. Wood Nos. WD-18-092 and WD-18-093, 2020-Ohio-1154, ¶ 22 (because defense counsel specifically stated that she had no objection to the admission of recordings, defendant waived the right to claim error). We overrule the first assignment of error.

### Facebook Screenshots

{¶15} In his second assignment of error, A.G. argues that the juvenile court abused its discretion in admitting Facebook screenshots into evidence. He contends that the screenshots were not properly authenticated.

{¶16} Authentication requires "evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(A). The standard for authentication of evidence is low. *State v. English*, 1st Dist. Hamilton No. C-180697, 2020-Ohio-4682, ¶ 81. This court has held that a witness's testimony that screenshots were accurate depictions of her Facebook account, which included messages and photos from one of her contact's Facebook accounts, was sufficient evidence of authentication in the absence of evidence by the defendant to rebut the witness's testimony. *State v. Howard*, 1st Dist. Hamilton No. C-170453, 2018-Ohio-

---

[1] Structural errors are "constitutional defects" that are per se cause for reversal because these errors " 'affect[] the framework within which the trial proceeds, rather than simply [being] an error in the trial process itself.' " *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 9, quoting *Arizona v. Fulminante*, 499 U.S. 279, 309-310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).

3692, ¶ 17-18. *See State v. Padgette*, 2020-Ohio-672, 152 N.E.3d 504, ¶ 14-16 (8th Dist.) (testimony by witness that she obtained the photo from another's Facebook page provided sufficient authentication); *State v. Ross*, 2018-Ohio-3027, 118 N.E.3d 371, ¶ 40 (10th Dist.) (testimony by witness that exhibits were pictures she took of Facebook posts by defendant was sufficient for purposes of authentication).

{¶17} In this case, Schreiber testified that he offered the phones for sale on Facebook Marketplace and that he and a person using Drew Skeem's Facebook page exchanged messages on Facebook Messenger to arrange a sale. Schreiber testified that the screenshots he took were accurate depictions of Drew Skeem's Facebook page, of photos from that page, and of the messages exchanged on Facebook Messenger, and A.G. did not introduce evidence to rebut Schreiber's testimony. The state met its burden of authentication, and the trial court did not abuse its discretion in admitting the screenshots into evidence. *See id.* We overrule the second assignment of error.

*Weight and Sufficiency of the Evidence*

{¶18} In his third and fourth assignments of error, A.G. challenges the weight and sufficiency of the evidence supporting his delinquency adjudication. Specifically, he argues that the juvenile court erred by denying his Crim.R. 29 motion, and by adjudicating him delinquent where the evidence was insufficient to support the adjudication and where the adjudication was against the manifest weight of the evidence.

{¶19} In reviewing whether a juvenile adjudication of delinquency was supported by sufficient evidence or was against the manifest weight of the evidence, we apply the same standards used in adult criminal cases. *In re A.P.*, 2020-Ohio-5423, 163 N.E.3d 116, ¶ 9, 18 (1st Dist.). In a challenge to the sufficiency of the evidence, the question is whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all the

essential elements of the crime beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. We employ the same standard when reviewing a trial court's denial of a Crim.R. 29 motion. *In re Shad*, 1st Dist. Hamilton Nos. C-080965 and C-081174, 2009-Ohio-3611, ¶ 15.

{**¶20**} In reviewing a challenge to the weight of the evidence, we must review the entire record, weigh the evidence, consider the credibility of the witnesses, and determine whether the trier of fact clearly lost its way and created a manifest miscarriage of justice. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{**¶21**} A.G. was adjudicated delinquent for having committed acts that if committed by an adult would have constituted complicity to robbery, in violation of R.C. 2911.02(A)(2), which provides: "No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall * * * [i]nflict, attempt to inflict, or threaten to inflict physical harm on another." A.G. does not dispute that the second individual committed a robbery offense by inflicting physical harm on Schreiber and stealing his phones. A.G. asserts that the state failed to prove that he was complicit in the robbery.

{**¶22**} The complicity statute provides in relevant part: "No person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense[.]" R.C. 2923.03(A)(2). As used in the complicity statute, "aid" or "abet" means " '[t]o assist or facilitate the commission of a crime, or to promote its accomplishment.' " *State v. McFarland*, 162 Ohio St.3d 36, 2020-Ohio-3343, 164 N.E.3d 316, ¶ 27, quoting *State v. Johnson*, 93 Ohio St.3d 240, 243, 754 N.E.2d 796 (2001). The evidence must show that the defendant "supported, assisted, encouraged, cooperated with, advised, or incited the principal

in the commission of the crime, and that the defendant shared the criminal intent of the principal." *Id.* at ¶ 29, quoting *Johnson* at syllabus. " 'Participation in criminal intent may be inferred from presence, companionship and conduct before and after the offense is committed.' " *Id.*, quoting *Johnson* at 245.

{¶23} A.G. argues that the state failed to prove that he contacted Schreiber on Facebook to arrange the purchase of the cell phones, that he was present at the library, that he aided or abetted the perpetrator, or that he had the same criminal intent as the perpetrator. However, circumstantial evidence showed that A.G. used the Drew Skeem Facebook account to arrange the purchase of the phones. As an initial matter, we note that "Drew" is a derivative of A.G.'s name. And "Skeem" can be inferred to be a play on "scheme." Further, only the Drew Skeem account user and Schreiber knew of the designated time and location for the sale of the phones. Photos of A.G. appeared on the account, including on the account's profile page. The magistrate found that A.G. "looked identical at trial to the current pictures on the 'Drew Skeem' account." When Schreiber saw A.G. at the library, he recognized him from the Drew Skeem account photos. In court, Schreiber identified A.G. with certainty as the first person he passed at the library, just before he was attacked. As the juvenile court found, the assailant's actions demonstrated that he knew about the sale of the phones because he targeted Schreiber and "reached for only the two phones Mr. Schreiber was going to sell. The assailant did not attempt to take Mr. Schreiber's own personal phone or wallet, but only attempted to grab the phones Mr. Schreiber had brought to sell."

{¶24} Viewing this evidence in a light most favorable to the state, the trier of fact could reasonably have concluded that A.G. was complicit in the planning and execution of the robbery of Schreiber. The court could have found that A.G. supported, assisted, facilitated, advised, and/or promoted the robbery. *See*

8

*McFarland* at ¶ 27-29. Therefore, the state presented sufficient evidence to adjudicate A.G. delinquent of complicity to robbery.

{¶25} A.G. asserts that Schreiber's identification testimony was unreliable, noting that Schreiber's identification of him in the police photo array had been made with only 40-percent certainty, while his in-court identification was with 99-percent certainty. However, the magistrate found the discrepancies in Schreiber's levels of certainty to be understandable because the photo in the array depicted A.G. with longer, fuller hair than the photos on the Facebook account that depicted A.G. with shorter hair, which Schreiber explained was consistent with how A.G. appeared at the time of the robbery. And the magistrate found that A.G. "looked identical at trial" to the screenshots that Schreiber had taken of photos on the Drew Skeem Facebook account.

{¶26} Overall, the magistrate, as the trier of fact, was in the best position to judge the credibility of the witnesses. *See State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, 15 N.E.3d 818, ¶ 132. The magistrate was entitled to weigh the evidence, consider the motivations of the witnesses, and choose to believe all, part, or none of the testimony offered. *See State v. Williams*, 1st Dist. Hamilton No. C-180574, 2020-Ohio-1367, ¶ 36. A.G. has failed to demonstrate that the juvenile court "clearly lost its way" in adjudicating him delinquent of the offense.

{¶27} We overrule the third and fourth assignments of error, and we affirm the judgment of the juvenile court.

Judgment affirmed.

**CROUSE** and **BOCK, JJ.,** concur.

Please note:

    The court has recorded its own entry this date.

9